**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>C I E Inc., a California corporation also doing business as "Cayson Industrial Electric, Inc."; MICHAEL ROBERT CAYSON, an individual doing business as "C I E" and "Cayson Industrial Electric,"<br><br>Defendants | Case No. CV 12-09070 JFW(AGRx)<br><br>Discovery Matters Assigned to the Honorable Alicia G. Rosenberg<br><br>**PROTECTIVE ORDER** |

On February 26, 2013, Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, et al. (collectively the "Trustees") served on the Los Angeles Unified School District (the "LAUSD") a subpoena (the "Subpoena") requesting production of unredacted certified payroll records ("Unredacted CPRs") prepared by CIE, CIE Inc., Cayson Industrial Electric Inc., Cayson Industrial Electric and/or Michael Robert Cayson (collectively the "Defendants").

The Unredacted CPRs contain the names, addresses, and social security numbers ("Identification Information") of the Defendants' employees. Although this Identification Information is confidential in nature, the Trustees require the information in order to calculate fringe benefit contributions allegedly owed by Defendants.

**IT IS HEREBY ORDERED**, pursuant to the "Stipulation for Protective Order" entered into by and among the Trustees and the LAUSD, and good cause appearing therefore:

1. The LAUSD shall produce the Unredacted CPRs requested in the Subpoena within 30 days of the issuance of this Order.

2. The Trustees shall not furnish, show, disclose or otherwise disseminate the Unredacted CPRs to any person except to: (a) the Trustees, their agents and employees; (b) counsel for the Trustees and office personnel assisting counsel in the preparation and trial of this action; and (c) experts and consultants who are assisting said counsel in preparation and/or trial. The Trustees shall require any person(s) identified in subparagraphs (a) through (c) to be bound to this order.

3. The Unredacted CPRs may only be used for the purpose of calculating, collecting and allocating fringe benefit contributions allegedly owed by the Defendants to the Trustees for work performed by employees of the Defendants. The Unredacted CPRs may not be used for any other purpose by anyone, including those persons identified in Paragraph 2 herein.

4. The Unredacted CPRs produced pursuant to the Subpoena shall be maintained in the possession and control of the Trustees and the Trustees' counsel in such a manner that the information is not accessible to individuals not bound by this order.

5. Unless a court orders otherwise, the Trustees may only file the Unredacted CPRs with a court after obtaining an "order to seal" pursuant to the applicable procedural rule.

6. The Trustees may redact the Unredacted CPRs by blocking out the employees' first and middle names (including any initials), addresses, and social security numbers contained therein. These redacted CPRs, showing the employees' last names, may be provided to the Defendants in this action and may be filed with the Court without an order to seal.

7. In the event that the Trustees are ordered by a court or any state, federal or governmental unit to produce the Unredacted CPRs, they shall provide reasonable notice to the LAUSD, through their counsel, of that court order or command, so as to allow the LAUSD to file an appropriate opposition to such order or command.

8. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of the final adjudication of this litigation.

9. Upon resolution of this action in trial court, the Unredacted CPRs shall be held by Trustees' counsel pending final resolution of this litigation by appeal or otherwise. Within six (6) months after such final resolution, the Unredacted CPRs shall be shredded by the Trustees' counsel. The Trustees' counsel shall give the LAUSD, through its counsel, notice when the Unredacted CPRs have been shredded.

DATED: March 13, 2013      _____
                           UNITED STATED DISTRICT COURT
                           MAGISTRATE JUDGE